UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Johnson, as guardian ad litem of
H.T.P., a minor,

      Plaintiff,

v.                                                                   Civil No. 11-225 (JNE/LIB)
                                       ORDER

Mead Johnson & Company,

      Defendant.

      Plaintiff Scott Johnson ("Johnson"), as guardian ad litem of H.T.P., a minor, commenced

an action in state court against Defendant Mead Johnson & Company ("Mead") for injuries

allegedly caused by H.T.P.'s ingestion of Mead's powdered infant formula. After removing the

case to federal court, Mead moved for summary judgment and to exclude the testimony of

Johnson's expert witnesses. This Court granted in part Mead's motion to exclude the testimony

of Johnson's experts, granted Mead's motion for summary judgment, and dismissed the case.

Johnson appealed, and that appeal is pending. Mead filed a bill of costs, Johnson objected, and

the Clerk of Court taxed $18,442 against Johnson in the Cost Judgment. Johnson now seeks

review of that Cost Judgment.

      The award of costs is governed by federal law. *Humann v. KEM Elec. Coop., Inc.*, 497

F.3d 810, 813 (8th Cir. 2007). Federal Rule of Civil Procedure 54(d)(1) allows this Court to

award costs to a prevailing party. Although "[a] prevailing party is presumptively entitled to

recover all of its costs," *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005), "the decision

whether to award costs ultimately lies within the sound discretion of the district court." *Marx v.*

*Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013).

Rather than arguing that specific costs awarded in the Cost Judgment were improper, Johnson urges this Court to exercise its discretion to deny all costs to Mead because Johnson should not be taxed as he is not the real party in interest under Fed. R. Civ. P. 17 and is only acting in a representative capacity as a guardian ad litem. But Rule 54(d) does not create an exception for taxing costs to a guardian ad litem. Neither could the Court find any federal statute, provision of the Federal Rules of Civil Procedure, or federal case that clearly exempts a guardian ad litem from paying costs. Johnson also argues that awarding costs to Mead would be wholly inequitable because of the vast disparity of wealth between H.T.P. and Mead, but costs here are being awarded against Johnson, not H.T.P., and Johnson has provided no evidence about his own financial status. In the absence of a persuasive reason for the Court to exercise its discretion, and in light of the fact that Mead, as the prevailing party, is presumptively entitled to recover its costs, the Court declines to vacate the Cost Judgment.

Pursuant to Fed. R. Civ. P. 62(d), Johnson asks this Court to stay execution of the Cost Judgment without bond pending the resolution of his appeal. An appellant may obtain a stay of judgment pending appeal as a matter of right upon posting of a supersedeas bond, but the Court may waive the bond requirement. *New Access Commc'n LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005). The Court will waive the bond requirement and stay the enforcement of the Cost Judgment pending appeal without bond.

Based on the files and records, and for the reasons stated above, IT IS ORDERED

THAT:

1.  Johnson's Motion for Review of Taxation of Costs [Docket No. 149] is GRANTED

    IN PART and DENIED IN PART.

2.  Enforcement of the Cost Judgment is STAYED pending appeal without bond.


Dated: July 1, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
